# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2337

_____

Daniel Wesley Allen,

        Appellant,

v.

Constance C. Reese, Federal Medical
Center, Rochester, Minnesota,

        Appellee.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*
\*
\*

_____

Submitted:  November 27, 2002
Filed:  December 3, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

In September 2000 Daniel Wesley Allen, an inmate at the Federal Medical Center in Rochester, Minnesota (Rochester), was charged, as relevant, with possession of any narcotics or related paraphernalia not prescribed for the individual by the medical staff.  The incident report indicated an officer had conducted a search of Allen's room and found in his bedstand drawer a jar labeled "Flax Oil 1000," which contained 160 pills labeled "Mylan 6410."  Further investigation revealed that "Mylan 6410" is Doxepin 100 mg, an antidepressant.  At a hearing before a Discipline Hearing Officer (DHO), Allen stated that the medication had been

prescribed for him by doctors at both Rochester and Taft, the prison where he was previously incarcerated; and that he had not taken the pills as given at Taft, and had kept some instead, because he wanted to take them only once in a while. The DHO found that the fact the pills were in a jar labeled "Flax Oil" showed Allen was attempting to disguise his possession of prescription pills, which he possessed in sufficient number to cause a fatal overdose to him; that if Allen wanted to reduce his medication, he should have done so through his doctors, not by "hoarding the controlled medication"; and that Allen had committed "the prohibited act of 'possession of drugs not authorized by medical staff,' Code #113." Allen was sanctioned with disallowance of 40 days good-conduct time; and 30 days of disciplinary segregation, which was suspended pending 180 days of clear conduct. Allen unsuccessfully appealed the DHO's determination. He then filed the instant 28 U.S.C. § 2241 petition claiming he was denied liberty without due process, in that his waiver of his right to call witnesses and have a staff representative during the DHO hearing was uninformed and unknowing; and the DHO's findings did not support the charged violation because the DHO substituted "not authorized" for "not prescribed," and Allen was prescribed the medication in his possession. The district court[1] denied the petition, holding that Allen had been provided adequate procedural due process protections, and that there was some evidence upon which the DHO could have found that Allen had committed the charged violation.

The federal regulations list as a prohibited act "Code 113-Possession of any narcotics, marijuana, drugs, or related paraphernalia not prescribed for the individual by the medical staff." Sanctions for this violation include disallowance of good-time credit and disciplinary segregation (up to 60 days). See 28 C.F.R. § 541.13, Table 3 (2000).

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

We agree with the district court that Allen's procedural due process rights were not violated. He was given advance written notice of the charges against him; he waived, through a signed written form, his right to call witnesses and to have a representative present during the hearing; and he received a written report of the DHO's decision setting forth the specific evidence relied on and the reason for the sanction. See Wolff v. McDonnell, 418 U.S. 539, 564-66, 570 (1974) (setting forth limited procedural rights with respect to prison disciplinary action). Allen has not shown that his waiver was involuntary; and the disciplinary process complied with the scheme set forth in the federal regulations, including the preparation of an incident report, the conducting of an investigation, the initial hearing before the disciplinary committee, the hearing before the DHO, and the appeals process, see 28 C.F.R. § 541.11, Table 1 (2000).

We also agree that--despite the substitution of language in the DHO's finding-- the record contained "some evidence" to support the charge that Allen possessed drugs not prescribed for him by the medical staff. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (procedural due process demands that prison disciplinary board findings are supported by some evidence in record). The record shows that Allen's prescription for Doxepin was not renewed at Rochester after July 2000 and Rochester did not carry the Mylan brand. Further, Allen admitted that although the pills were given to him at Taft to take in the pill line, he kept them instead; and he has not shown that he had any prescription which would have allowed him to accumulate and store a potential overdose of pills. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.